1   Michael D. Adams (State Bar No. 185835)
2   madams@rutan.com
    Sarah Gilmartin (State Bar No. 324665)
3   sgilmartin@rutan.com
4   RUTAN & TUCKER, LLP
    611 Anton Boulevard, Suite 1400
5   Costa Mesa, California 92626-1931
    Telephone:  714-641-5100
6   Facsimile:   714-546-9035
7
8   Attorneys for Plaintiff
    AMERICAN AUTOMOBILE ASSOCIATION, INC.
9
10              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  AMERICAN AUTOMOBILE ASSOCIATION, INC, a Connecticut corporation, | Case No. |
| 13 | |
| 14              Plaintiff, | **COMPLAINT FOR:** |
| 15  vs. | **1.    FEDERAL SERVICE MARK INFRINGEMENT [15 U.S.C. § 1114(1)(a) AND (b)];** |
| 16 | |
| 17  ALI NAQI N. AKBARI, dba UNITED TOWING SERVICE, an unknown entity, and DOES 1 through 10, inclusive, | **2.    FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];** |
| 18 | **3.    TRADE NAME OR SERVICE MARK DILUTION [15 U.S.C. § 1125(c)(1)]:** |
| 19 | |
| 20              Defendants. | **4.    INJURY TO BUSINESS REPUTATION AND DILUTION [CAL. BUS. & PROF. CODE § 14330];** |
| 21 | |
| 22 | **5.    COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT** |
| 23 | |
| 24 | |
| 25 | |
| 26 | **DEMAND FOR JURY TRIAL** |
| 27 | |

28

Plaintiff American Automobile Association, Inc. (hereinafter "Plaintiff"), for its Complaint against the above-named defendants, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. section 1338(a) as this action arises under the Lanham Act, 15 U.S.C. sections 1114, 1125(a), and 1125(c)(1), as well as under pendent jurisdiction under 28 U.S.C. section 1367.

2.      This Court also has jurisdiction under 28 U.S.C. section 1332 because Plaintiff and defendants are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

3.      Venue is proper in the Northern District of California under 28 U.S.C. section 1391(b) and (c) because defendants reside in this judicial district, a substantial part of the events, omissions and acts that are the subject matter of this action occurred within the Northern District of California, and defendants are subject to personal jurisdiction and may be found in this district.

## PARTIES

4.      Plaintiff is a corporation organized and existing under the laws of the State of Connecticut, located and doing business at 1000 AAA Drive, Heathrow, Florida 32746.

5.      On information and belief, defendant Ali Naqi N. Akbari ("Akbari") is an individual residing in Alameda County, California, who does business as United Towing Service.

6.      On information and belief, defendant United Towing Service is an entity of unknown form with its principal place of business located at 1113 Greenville Road, Livermore, California 94550.  On information and belief, United Towing Service is an unregistered fictitious business name under which Akbari conducts business.

7.      On information and belief, Plaintiff alleges that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted

in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to Plaintiff for the damages and relief sought herein.

8.      On information and belief, Plaintiff alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other defendants.

9.      The identities of the individuals and entities named as Doe defendants herein are not presently known, but Plaintiff will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

## NATURE OF THE CASE

10.      Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs against Defendants for service mark infringement under 15 U.S.C. section 1114(1)(a) and (b); false designation of origin and/or sponsorship under 15 U.S.C. section 1125(a); dilution under 15 U.S.C. section 1125(c); injury to business reputation and dilution under California Business and Professions Code section 14330; and common law trademark and trade name infringement, and unfair competition.

11.      Defendants have continued to infringe the distinctive striping pattern featured on the sides of tow trucks that are authorized by AAA to display its famous mark, unlawfully siphoning the goodwill associated with that mark.  Even after entry of an injunction against Defendants in a prior action between the parties, Defendants modified the striping pattern on the sides of its tow trucks only slightly; the striping pattern presently in use by Defendants remains confusingly similar to Plaintiff's mark.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12.      Plaintiff owns the famous mark of the red and blue arrow design featured on the sides of tow trucks and other emergency services vehicles, U.S. Reg.

No. 2,693,460 (the "AAA Striping Mark").  A copy of this registration is attached hereto as **Exhibit A**.

13.     The AAA Striping Mark has been used in connection with a number of Plaintiff's services, including but not limited to providing emergency road service in International Class 37.

14.     Plaintiff, by virtue of the services offered under its AAA Striping Mark, is recognized throughout the world as providing emergency road services.

15.     Plaintiff is informed and believes that at all relevant times, Defendants have been and are in the business of providing emergency road services, including towing services, using the AAA Striping Mark or marks confusingly similar to the AAA Striping Mark.

16.     On or about September 2019, Plaintiff became aware that Defendants were using the AAA Striping Mark on the sides of the their tow trucks.  A copy of Defendant's website, including its tow trucks with the AAA Striping Pattern, is attached hereto as **Exhibit B**.

17.     On October 2, 2019, Plaintiff sent Defendants a cease and desist letter giving notice of Plaintiff's ownership of federally registered service marks and demanding that Defendants immediately cease and desist from all uses of the AAA Striping Mark in connection with their goods and services.

18.     On October 17, 2019, Plaintiff filed suit against Defendants for their infringing use of the AAA Striping Mark in Case No. 3:19-cv-06675 in the Northern District of California, alleging that Defendants used the AAA Striping Mark in conducting and promoting their business, including, without limitation, by displaying such mark on their emergency road service vehicles, websites, and in other various marketing materials (the "First Action").

19.     On October 29, 2019, Plaintiff served Defendants with the Summons and Complaint in the First Action.  Nevertheless, Defendants did not appear in or otherwise defend against the First Action.

20.     Despite their failure to appear, in November 2019 Defendants contacted Plaintiff about the First Action, stating that they would remove the AAA Striping Mark from all tow trucks, as well as removing all images from their website of the tow trucks with the AAA Striping Mark.

21.     After Plaintiff followed up with Defendants, Defendants responded on December 2, 2019 with images of a single tow truck with the striping pattern only partially removed.  Only the blue arrows were removed; the tow trucks still had the distinctive red arrows.  Plaintiff informed Defendants' that their minor modification of Plaintiff's trademark is still confusingly similar to the AAA Striping Mark and thus Defendants continued to infringe.  Defendants never responded.  A copy of this correspondence is attached hereto as **Exhibit C**.

22.     In the First Action, Plaintiff moved for entry of default judgment against Defendants, which the Court granted on March 31, 2020, permanently enjoining Defendants from incorporating the AAA Striping Mark in any form or manner that would tend to identify or associate Defendants' businesses or services with Plaintiff.

23.     Defendants use of a red striping pattern on the sides of its tow trucks is confusingly similar to the AAA Striping Mark.  The only difference between the two is that the AAA Striping Mark alternates between red and blue arrows.  Both arrow patterns consist of red arrows and are placed in the same position along the sides of tow trucks, which likely to cause consumer confusion and mislead consumers into believed that Defendants' business is approved by AAA when it is not.  A copy of Defendants' current website, showing its tow trucks with that pattern, is attached hereto as **Exhibit D**.

24.     Defendants are not authorized to use the AAA Striping Mark in connection with their services, nor are Defendants affiliated with Plaintiff.

25.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's AAA Striping Mark, and

1  cause confusion and deception in the marketplace.

2

3  ## FIRST CLAIM  FOR RELIEF

4  **(Federal Service Mark Infringement – 15 U.S.C. § 1114(1)(a) and (b))**

5  26.    Plaintiff repeats and incorporates herein by reference each and every

6  allegation contained in Paragraphs 1 through 25above, inclusive, as though fully set

7  forth herein.

8  27.    Plaintiff is the owner of a number of federal trademark and service

9  mark registrations and specifically asserts ownership of the following:

| Registration No. | Mark | Date of Registration |
|---|---|---|
| 2,693,460 |  | March 4, 2003 |

13  28.    Plaintiff first used the AAA Striping Mark of Registration No.

14  2,693,460 in connection with providing emergency road services at least as early as

15  1997.  Plaintiff has continued and expanded use thereof up to the present.  Thus,

16  long before the acts complained of herein, motorists and members of the general

17  consumer population in the United States and abroad have recognized the mark as

18  an exclusive source identifier for emergency road services originating from Plaintiff.

19  The registration for the AAA Striping Mark is incontestable under section 15 of the

20  Lanham Act, 15 U.S.C. section 1065, and constitutes conclusive evidence of

21  Plaintiff's exclusive right to use this mark in connection with emergency road

22  services.

23  29.    Plaintiff's registered service mark identified above is valid and

24  subsisting and remains in full force and effect as evidence of the validity thereof and

25  Plaintiff's ownership of the mark in connection with the services specified in the

26  registration.

27  30.    As a result of the long period of use and extensive advertisement and

28  sale of services under the AAA Striping Mark, motorists and members of the

general consumer population in the United States and across the world recognize the AAA Striping Mark as an exclusive source identifier for emergency road services originating from Plaintiff.

31.     Defendants' use of the AAA Striping Mark, or a mark confusingly similar thereto, in interstate commerce in connection with their services is causing and will continue to cause a likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendants; (b) the affiliation, connection, and association of Plaintiff with Defendants; and (c) Plaintiff's sponsorship, approval, and/or control of the services offered by Defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

32.     Defendants' acts and conduct constitute federal service mark infringement that has caused and, unless restrained and enjoined by this Court, will continue to cause a likelihood of consumer confusion, mistake, and deception.

33.     On information and belief, Defendants' acts of service mark infringement in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

34.     Plaintiff is entitled to damages as a result of Defendants' actions and conduct, and because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is also entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition by False Designation of Origin – 15 U.S.C. § 1125(a))

35.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 34 above, inclusive, as though fully set forth herein.

36.     Defendants, either independently or through collaboration with one

another, are using the AAA Striping Mark, or a mark confusingly similar thereto, in connection with their services.

37. On information and belief, Defendants use the AAA Striping Mark in commerce, which use has been done with the deliberate intent of capitalizing and trading on the good will and reputation of Plaintiff.

38. The use in commerce of the AAA Striping Mark by Defendants will tend to cause and, on information and belief, has caused the relevant public and trade to believe erroneously that Defendants' services are associated with, authorized, sponsored, or controlled by Plaintiff.

39. Defendants' use in commerce of the AAA Striping Mark in connection with their services constitutes a false designation of the origin and/or sponsorship of such services and falsely describes and represents such services.

40. By their acts as alleged herein, Defendants have falsely designated and represented services sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the good will of Plaintiff to sell Defendants' own services and have otherwise competed unfairly with Plaintiff.

41. On information and belief, Defendants are now committing the acts complained of above with full knowledge that their acts are unlawful.

42. Defendants have displayed a willful course of conduct toward appropriation and destruction of Plaintiff's rights in and to the AAA Striping Mark.

43. Defendants' wrongful acts and conduct as alleged herein have permitted or will permit them to generate substantial sales and profits on the strength of Plaintiff's substantial advertising, sales, consumer recognition, and good will in connection with the AAA Striping Mark.

44. As a result of Defendants' wrongful acts alleged herein, Plaintiff has suffered and will continue to suffer monetary damage in an amount not thus far determined.

45. On information and belief, Defendants' acts of unfair competition by

false designation of origin in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

46.     Defendants' acts and conduct constitute unfair competition that has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff's good will and business reputation.

47.     Plaintiff is entitled to damages as a result of Defendants' actions and conduct and, because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is entitled to injunctive relief.

## THIRD CLAIM FOR RELIEF

### (Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1))

48.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 47 above, inclusive, as though fully set forth herein.

49.     Plaintiff's AAA trade name and service marks were used in commerce long before Defendants' adoption and use of the AAA Striping Mark in connection with their services.

50.     Plaintiff's AAA trade name and service marks have become famous because of long, extensive, continuous, and exclusive use by Plaintiff in connection with emergency road services, such fame occurring long before Defendants' adoption and use of the AAA Striping Mark, or a mark confusingly similar thereto, in connection with their services.

51.     Defendants use the AAA Striping Mark, or a mark confusingly similar thereto, in promoting their services in the same trade areas and channels of trade in which Plaintiff's AAA trade name and service marks are recognized and famous.

52.     On information and belief, Defendants' use of the AAA Striping Mark,

1  or a mark confusingly similar thereto, has lessened the capacity of Plaintiff's famous

2  AAA trade name and service marks to identify and distinguish Plaintiff's goods and

3  services.

4       53.    On information and belief, Defendants' acts and conduct as alleged

5  herein have tarnished the reputation and recognition of Plaintiff's famous AAA

6  trade name and service marks by the low quality of Defendants' services.

7       54.    On information and belief, Defendants' acts of trade name or service

8  mark dilution in violation of the Lanham Act have caused financial injury and

9  damages to Plaintiff and have been willful, making this an exceptional case within

10  the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff

11  to damages, attorneys' fees, and costs.

12       55.    Plaintiff has no adequate remedy at law and is being irreparably

13  damaged by dilution of its famous mark, in violation of 15 U.S.C. section 1125(c).

14  Therefore, Plaintiff is entitled to injunctive relief.

### FOURTH CLAIM FOR RELIEF

**(Injury to Business Reputation and Dilution –**

**Cal. Bus. & Prof. Code § 14247)**

18       56.    Plaintiff repeats and incorporates herein by reference each and every

19  allegation contained in Paragraphs 1 through 55 above, inclusive, as though fully set

20  forth herein.

21       57.    Plaintiff is the owner of marks that are distinctive and famous in the

22  State of California.

23       58.    On information and belief, Defendants have used and continue to use

24  the famous AAA Striping Mark, or a mark confusingly similar thereto, after

25  Plaintiff's marks became famous, which dilutes the distinctive quality of Plaintiff's

26  marks.

27       59.    On information and belief, Defendants' actions described herein were

28  taken and continue to be taken with full knowledge that such actions would and do

dilute the AAA marks and with the intention to cause dilution of the marks.

60.     As a result of the actions described herein, Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

61.     Plaintiff has no adequate remedy at law and is being irreparably damaged by defendants' acts in violation of California Business & Professions Code section 14247.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trade Name and Trademark Infringement, and Unfair Competition)

62.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 61 above, inclusive, as though fully set forth herein.

63.     Defendants' actions and conduct as alleged herein constitute unfair competition under California common law.

64.     Defendants' actions and conduct in adopting and using the AAA Striping Mark, or a mark confusingly similar thereto, in California constitute trademark infringement under California common law.

65.     Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

66.     Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by defendants' acts in violation of California common law, entitling Plaintiff to injunctive relief.

67.     Defendants' acts and conduct as alleged herein are malicious and fraudulent and entitle Plaintiff to punitive damages under Civil Code section 3294.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an order and judgment against defendants, and each of them, as follows:

1.     That Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the AAA Striping Mark, any mark confusingly similar to the AAA Striping Mark, or any other name or mark incorporating Plaintiff's service marks, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with emergency road services and other related services at any locality in the United States;

2.     That Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the AAA Striping Mark, any mark confusingly similar to the AAA Striping Mark, or any other name or mark incorporating Plaintiff's service marks in any form or manner that would tend to identify or associate Defendants' businesses or services with Plaintiff in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

3.     That Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from representing to anyone

(either orally or in writing) that their businesses are affiliated with Plaintiff in any way or are approved by Plaintiff;

4.     For an order requiring Defendants to deliver to Plaintiff's attorney within thirty (30) days after the entry of any preliminary or permanent injunction, to be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control that contain the AAA Striping Mark or any other name or mark incorporating Plaintiff's service marks, either alone or in combination with other words and symbols;

5.     For an order requiring Defendants to remove from their business premises and vehicles within thirty (30) days after the entry of any preliminary or permanent injunction, all instances of the AAA Striping Mark and any mark confusingly similar to the AAA Striping Mark, and to destroy all stencils, molds, plates, masters, or means of creating the infringing items;

6.     For an order requiring defendants to instruct, within thirty (30) days after the entry of any preliminary or permanent injunction, any print directory, Internet directory, or website that they have caused to carry the AAA Striping Mark or any mark confusingly similar to the AAA Striping Mark, including any Yelp or other online profile, to cease using such marks at the earliest possible date;

7.     For an order requiring Defendants to file with the Clerk of this Court and serve Plaintiff, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which defendants have complied with 1 through 6 above;

8.     For an award of Defendants' profits and Plaintiff's damages in an amount not yet ascertained but believed to exceed $500,000;

9.     For an award of three times Plaintiff's damages or Defendants' profits in view of the intentional and willful nature of Defendants' acts, pursuant to 15 U.S.C. section 1117;

10.     For an award of punitive damages according to proof;

11.     For an award of reasonable attorneys' fees under 15 U.S.C. section 1117;

12.     For an award of pre- and post-judgment interest at the highest rate allowed by law;

13.     For an award of costs and disbursements incurred in this action; and

14.     For such further relief as this Court shall deem just and proper.


Dated:  May 19, 2020                              RUTAN & TUCKER, LLP
                                                  MICHAEL D. ADAMS

                                                  By:*/s/Michael D. Adams*
                                                      Michael D. Adams
                                                      Attorneys for Plaintiff
                                                      AMERICAN AUTOMOBILE
                                                      ASSOCIATION, INC.

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial on all issues triable to a jury.

3

4       Dated:  May 19, 2020                    RUTAN & TUCKER, LLP
                                                  MICHAEL D. ADAMS
5

6                                                By:*/s/Michael D. Adams*
                                                      Michael D. Adams
7                                                     Attorneys for Plaintiff
8                                                     AMERICAN AUTOMOBILE
                                                      ASSOCIATION, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28